BOWMAN *v.* INTERMEDIATE SCHOOL DISTRICT OF THE
COUNTIES OF WEXFORD AND MISSAUKEE

Appeal from Wexford, William R. Peterson, J. Submitted Division 3 February 5, 1969, at Lansing. (Docket No. 5,226.) Decided February 28, 1969.

Complaint by Don Bowman and Norwich No. 1 Fractional School District against the Intermediate School District of Wexford and Missaukee counties to set aside a certain school district reorganization election and for other relief. The State's motion to intervene as a party defendant granted. Intervenor's motion for summary judgment granted. Plaintiffs appeal. Affirmed in part, and reversed and remanded in part.

*William A. Harper* and *James C. Herrinton,* for plaintiffs.

*Frank J. Kelley,* Attorney General, Robert A. *Derengoski,* Solicitor General, and *James J. Wood,* Assistant Attorney General, for intervening defendant.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. The trial court granted intervening defendant's motion for summary judgment on the bases plaintiffs' action was brought against the

wrong defendant, neither plaintiff had standing to bring *quo warranto,* and venue was probably defective.     In addition, the trial court held plaintiff Bowman had no standing to challenge boundary changes or school reorganization nor to attack the constitutionality of MCLA § 388.681 *et seq.* (Stat Ann 1968 Rev § 15.2299[1] *et seq.*).     It also held plaintiff school district had no standing to attack the constitutionality of this statute.     Plaintiffs appeal.

While the appeal was pending, this Court decided *Penn School District No 7* v. *Lewis Cass Intermediate School District Board of Education* (1968), 14 Mich App 109.     That decision is contrary to the position of the trial court with respect to the proper defendant and the standing of Bowman and controls decision here.     The holding of the trial court that plaintiff school district had no standing was correct and is affirmed.     *Penn, supra,* held the statute involved constitutional.

We hold that venue was proper.

Reversed and remanded for trial as to plaintiff Bowman, except on the issue of constitutionality. No costs, a public question is involved.